UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DOUGLAS MILCZAK,

        Plaintiff,

   vs.

GENERAL MOTORS, LLC,

        Defendant.

_____/

Case No. 21-CV-11484

HON. GEORGE CARAM STEEH

OPINION AND ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT (ECF NO. 26)

    This employment action was filed by plaintiff Douglas Milczak (Milczak) against his employer, defendant General Motors, LLC (GM). Milczak claims he has been subjected to a hostile work environment, discrimination and retaliation due to his age, in violation of the Age Discrimination in Employment Act (ADEA). The matter is before the court on GM's motion for summary judgment (ECF No. 26). Upon a careful review of the written submissions, the Court deems it appropriate to render its decision without a hearing pursuant to Local Rule 7.1(f)(2). For the reasons set forth below, defendant's motion for summary judgment is GRANTED.

FACTUAL BACKGROUND

Plaintiff is 59 years old, began working for GM in 1994 as a Senior Manufacturing Engineer, and is still employed by GM. From 1994 to 2015, plaintiff oversaw the installation and launch of conveyor systems at GM plants around the country. (Milczak Dep., pp. 20-22). In 2015, plaintiff requested to stop traveling and GM assigned him to the engineering department for the conveyor system at the Detroit-Hamtramck Plant (DHAM). *Id*. at pp. 26-27. Plaintiff's job was to resolve manufacturing issues at DHAM. *Id*. at p. 28.

In December 2018, GM announced that DHAM would be unallocated, meaning that current vehicle manufacturing would stop. This is also the time period when plaintiff contends the violations of law based on his age began. GM eventually announced DHAM would be retooled into Factory Zero to manufacture electric vehicles and that all salaried employees would need to find new jobs at other plants. *Id*. at pp. 37-38. GM began instituting involuntary layoffs, but plaintiff was not selected for layoff and remained employed at DHAM. *Id*. at p. 63. In January 2019, when a vacancy opened due to another employee taking a position at another plant, GM transferred plaintiff to the General Assembly (GA) group at DHAM. Plaintiff continued working as an engineer supervising a maintenance team of skilled trade employees. *Id*. at p. 38. Plaintiff described his position supervising maintenance trades as stressful. *Id*. at p. 46.

Plaintiff's manager since May 2016 was Mike Lazaroff. Plaintiff testified that starting in August 2016, Lazaroff called him names like "my bitch" and "motherfucker." *Id*. at p. 45. Then, between December 2018 and June 2019, Lazaroff made three age related comments to plaintiff. In December 2018, Lazaroff, who was 68 years old at the time, called plaintiff an "old fart" when they were discussing how to fix a skillet system at DHAM. *Id*. at p. 49. In January 2019, Lazaroff told plaintiff to be quick in contacting someone about a potential job in GM's Toledo plant because "they might not want an old fucker like you." *Id*. at pp. 49-50. The third comment occurred in June 2019, when Lazaroff called plaintiff an "old motherfucker" while discussing a suggestion plaintiff had submitted to GM. *Id*. at pp. 49-50.

On May 22, 2019, plaintiff found a printed picture on a table in the plant that displayed a dead mouse in a trap being sexually assaulted by other mice. Plaintiff's name was written on the dead mouse and the title of different trades were on the other mice. At the bottom of the picture someone had written, "when you're down and out everyone wants to screw you." Plaintiff reported the picture to Lazaroff, who turned it over to the human resources department (HR). *Id*. at pp. 72-73. HR undertook an investigation that included interviewing plaintiff twice, interviewing more than 15 trade workers, and reviewing print logs for all nearby computers. *Id*. at pp. 75-76; Kelsey Firek Dep., pp. 8-10. HR was unable to

identify who created the picture, but the trade employees were required to attend anti-harassment training. *Id*. at p. 77. Plaintiff told HR that the picture was threatening because it showed him dead in a trap. However, plaintiff did not tell anyone at GM that he believed the mousetrap picture had to do with his age. *Id*. at pp. 76-77, 81, 160; Firek Dep., p. 12.

On July 15, 2019, GM transferred plaintiff to the Body Shop at DHAM, where he reported to Damon Ferraiuolo. From August 2019 until January 2020, Ferraiuolo assigned plaintiff to work second shift due to staffing shortages related to DHAM being unallocated. *Id*. at pp. 57-58; Ferraiuolo Decl., ¶¶ 7-9; Email, August 13, 2019, ECF No. 26-11, PageID.335. Plaintiff's salary and benefits did not change as a result of the temporary assignment to second shift, though plaintiff's opportunity to earn overtime decreased significantly. *Id*. at p. 101; Ferraiuolo Decl., ¶ 10.

On December 11, 2019, plaintiff filed a charge of discrimination and retaliation based on age with the EEOC and Michigan Department of Civil Rights (MDCR). On April 21, 2021, the EEOC dismissed the charge. On June 24, 2021, plaintiff filed his Complaint.

On February 15, 2020, plaintiff began his current position of Senior Manufacturing Engineer at central office with the GA and body shop install group, working at DHAM/Factory Zero. *Id*. at pp. 41-42. On August 18, 2020, plaintiff

found "a picture of an old man, long hair, with eyes poked out" on a desk in the cubicle area where he worked. *Id*. at pp. 148-150. Then, on August 31, 2020, plaintiff returned from vacation and found a Michael Jackson CD included among some papers on a desk area where he worked. *Id*. at pp. 150-151. Plaintiff asked his co-workers if they knew who left the picture and CD, but none of them did. *Id*. at pp. 149, 151. Plaintiff considered the picture and CD to be a reference to his age, but he admits he never reported the picture or CD to his manager or HR. *Id*. at p. 153.

On January 19, 2022, plaintiff took a paid leave of absence from GM for severe depression and anxiety. *Id*. at pp. 43-44. Plaintiff sees a psychologist and takes medication for these conditions. *Id*. at pp. 10-11. Plaintiff remains employed by GM as a Senior Manufacturing Engineer at Factory Zero. *Id*. at pp. 41-42. GM continues to provide plaintiff with discretionary annual raises and bonuses plus benefits. *Id*. at pp. 89; 2021 Comp. Notice, ECF No. 26-14, PageID.347-49.

## STANDARD FOR SUMMARY JUDGMENT

Federal Rule of Civil Procedure 56(c) empowers the court to render summary judgment "forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is

entitled to judgment as a matter of law." *See Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001). The Supreme Court has affirmed the court's use of summary judgment as an integral part of the fair and efficient administration of justice. The procedure is not a disfavored procedural shortcut. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986); *see also Cox v. Kentucky Dept. of Transp.*, 53 F.3d 146, 149 (6th Cir. 1995).

The standard for determining whether summary judgment is appropriate is "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Amway Distributors Benefits Ass'n v. Northfield Ins. Co.*, 323 F.3d 386, 390 (6th Cir. 2003) (*quoting Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The evidence and all reasonable inferences must be construed in the light most favorable to the non-moving party. *Tolan v.* Cotton, 572 U.S. 650, 660 (2014); *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Redding*, 241 F.3d at 532 (6th Cir. 2001). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original); *see also National Satellite Sports, Inc. v. Eliadis, Inc.*, 253 F.3d 900, 907 (6th Cir. 2001).

If the movant establishes by use of the material specified in Rule 56(c) that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law, the opposing party must come forward with "specific facts showing that there is a genuine issue for trial." *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 270 (1968); *see also McLean v. 988011 Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). Mere allegations or denials in the non-movant's pleadings will not meet this burden, nor will a mere scintilla of evidence supporting the non-moving party. *Anderson*, 477 U.S. at 248, 252. Rather, there must be evidence on which a jury could reasonably find for the non-movant. *McLean*, 224 F.3d at 800 (*citing Anderson*, 477 U.S. at 252).

## ANALYSIS

I. <u>Court Will Not Consider Plaintiff's Declaration or Summary</u>

Plaintiff relies on his Declaration and Timeline Summary to support many allegations not incorporated in the statement of facts above. Federal Rule of Civil Procedure 56(e) identifies affidavits, depositions, and answers to interrogatories as appropriate items that may be used to support or oppose summary judgment. An affidavit or declaration "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). An unsworn declaration may take the place of a sworn declaration, affidavit or statement, but

only when it is subscribed as true under penalty of perjury under the law, dated and signed. 28 U.S.C.A. § 1746.

Plaintiff's Declaration states that he was sworn under oath, has personal knowledge of all allegations set forth, and swears they are true and accurate to the best of his knowledge, information and belief. However, there is no indicia that plaintiff was sworn under oath or that the statements contained in the unsworn declaration were made under penalty of perjury. Plaintiff's forty-one-page Timeline Summary of Events fares no better as it is not sworn under oath, is not notarized, does not contain any statement as to the veracity of the information contained therein, and is not made under penalty of perjury. Both documents fall short of the requirements of 28 U.S.C. § 1746.

There is a further reason the Declaration will not be considered by the Court. Plaintiff was deposed under oath on March 21, 2022. After discovery closed, defendant filed its motion for summary judgment on November 30, 2022. Plaintiff's Declaration, which contains statements that contradict his prior sworn deposition testimony, is dated March 3, 2023. After a motion for summary judgment has been made, a party may not file an affidavit that contradicts his earlier sworn testimony. *France v. Lucas*, 836 F.3d 612, 622 (6th Cir. 2016) (citing *Reid v. Sears, Roebuck & Co.*, 790 F.2d 453, 460 (6th Cir. 1986)).

For these reasons, the Court will not consider plaintiff's Declaration or Timeline Summary in its analysis of the summary judgment motion.

II.  Age Discrimination

To establish a prima facie case of age discrimination, plaintiff must show (1) he is over 40 years old; (2) he is qualified for the job; (3) he suffered an adverse action; and (4) he was treated differently than, or replaced by, a significantly younger person. *Policastro v. Northwest Airlines, Inc.*, 297 F.3d 535, 538-539 (6th Cir. 2002). The parties dispute whether plaintiff suffered actionable adverse actions and whether younger employees were treated better.

A. Adverse Employment Action

Not every act affecting an individual's employment constitutes an adverse employment action. *McMillian v. Potter*, 130 Fed. App'x 793, 796 (6th Cir. 2005). An adverse employment action has been defined as a "materially adverse change in the terms and conditions of a plaintiff's employment." *White v. Burlington N. & Santa Fe Ry. Co.,* 364 F.3d 789, 795 (6th Cir. 2004) *(en banc)* (citation omitted). A "mere inconvenience or an alteration of job responsibilities" is not enough. *Id.* at 797. "Termination, decrease in wage or salary, change in title, diminished material responsibilities, or a material loss of benefits are all examples of a materially adverse change." *Mensah v. Michigan Dept. of Corrections*, 621 Fed.Appx. 332, 334 (6th Cir. 2015).

However, a reassignment that does not change salary, benefits or title, may still constitute an adverse action. "Whether a particular reassignment is materially adverse depends upon the circumstances of the particular case," and "should be judged from the perspective of a reasonable person in the plaintiff's position, considering 'all the circumstances.'" *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 71 (2006) (citation omitted). If the circumstances give rise to some level of objective intolerability, a reassignment may be considered an adverse employment action. *Deleon v. Kalamazoo Cnty. Rd. Comm'n*, 739 F.3d 914, 919 (6th Cir. 2014) (finding an issue of material fact whether plaintiff's new assignment, which exposed him to toxic and hazardous diesel fumes daily, was an adverse action).

After GM announced that DHAM would be unallocated, "everybody that was [at DHAM] was worried about losing their job." Donlin Dep., p. 20. Some employees were given involuntary layoffs, others found new jobs within GM, and some were reassigned to cover staff shortages. These were the circumstances that existed when plaintiff was reassigned, first to GA maintenance and then to the Body Shop, where he performed the same basic job duties and received the same pay and benefits. Plaintiff described the new positions as stressful and said he was subjected to harassment including by the threatening mousetrap picture. Although plaintiff subjectively did not like his new job assignments, the evidence

does not support the conclusion that a reasonable person in plaintiff's position, would find the reassignments intolerable. The same can be said for placing plaintiff on the second shift for four months, even though plaintiff claimed the move to the second shift "screwed up [his] marriage." Milczak Dep., p. 58. These temporary reassignments, although stressful to plaintiff, reflect a "mere inconvenience" and not a "significant change in employment status." *Reynolds v. Michigan Dep't of Corr.*, No. 12-12561, 2014 WL 172287, at *4 (E.D. Mich. Jan. 15, 2014) (citing *White* 364 F.3d at 797-98).

Plaintiff also argues that he did not receive raises and bonuses commensurate with his experience. Defendant points out that raises and bonuses are discretionary, based on factors including the availability of funds and employee performance. Tackett Decl., ¶ 18. Plaintiff received annual bonuses in excess of $15,000 and raises each year from 2016 to 2021, in similar percentages to prior years, ranging from 2.1% to 3.45%. Tackett Decl., ¶ 20. There is no issue of material fact that plaintiff suffered an adverse employment action related to insufficient raises and bonuses.

Plaintiff's third adverse action argument is that he did not receive compensation for suggestions he made under GM's Suggestion Plan. GM's Suggestion Plan offers a potential monetary award for suggestions that meet the requirements of the Plan. Three of the requirements for a suggestion to receive a

monetary award are (1) it must be implemented; (2) it must be submitted within 60 days of implementation; and (3) it must be for an idea or task that falls outside the employee's normal job duties. Decisions on monetary awards are made by a team of people who evaluate submissions and determine whether an award is warranted. UAW-GM Suggestion Plan Employee Handbook, ECF No. 26-18, PageID.372. Plaintiff has failed to set forth any admissible evidence that he was entitled to a monetary award under the Plan and that defendant's failure to grant him an award was an adverse action based on his age.

Plaintiff remained employed at DHAM in various jobs throughout the unallocated period. He was then hired for a permanent position with the same title, pay, benefits and location once DHAM became Factory Zero.

Plaintiff has failed to show that he suffered an adverse employment action.

B. <u>Younger Employees Treated Better</u>

Because plaintiff has failed to establish a substantive issue of material fact that he suffered an adverse employment action, he cannot establish a prima facie case of age discrimination. Therefore, the Court need not address whether younger employees were treated better than plaintiff.[1]

---

[1] While plaintiff names several allegedly similarly situated younger employees, he offers no evidence to support their ages, that they were similarly situated, that they received higher raises or were more fairly compensated, or that they received positions without submitting resumes or being interviewed. Self-serving, unsupported conclusory arguments do not create an issue of fact. *Mav of*

- 12 -

Defendant's motion for summary judgment on plaintiff's claim of age discrimination in violation of the ADEA is granted.

III. Hostile Work Environment

A. Exhaustion of Administrative Remedies

In his EEOC charge, plaintiff alleged age-based discrimination and retaliation, but did not allege a hostile work environment. ECF No. 26-15, PageID.351. The purpose of the exhaustion requirement is to "giv[e] the employer information concerning the conduct about which the employee complains, as well as affording the EEOC and the employer an opportunity to settle the dispute through conference, conciliation, and persuasion." *Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 361 (6th Cir. 2010) (citing 42 U.S.C. § 2000e–5(f)(1); *Alexander v. Gardner–Denver Co.,* 415 U.S. 36, 44 (1974)). However, EEOC charges are construed liberally, so "whe[n] facts related with respect to the charged claim would prompt the EEOC to investigate a different, uncharged claim, the plaintiff is not precluded from bringing suit on that claim." *Id*. at 362 (quoting *Davis v. Sodexho,* 157 F.3d 460, 463 (6th Cir. 1998)). The Sixth Circuit has held that for an EEOC charge of age discrimination to support a

---

*Michigan, Inc. v. American Country Ins. Co.,* 289 F. Supp.2d 873, 875 (E.D. Mich. 2003).

hostile work environment claim, the allegations in the plaintiff's complaint must be reasonably inferred from the allegations of age discrimination in the charge. *Id*.

Plaintiff's charge cites two discrete discriminatory acts – the May 2019 mousetrap drawing which he states that he told his manager he felt was made because of his age[2], and that in June 2019 his manager called him old and directed profanities at him. ECF No. 26-15, PageID.351. He also describes his job reassignments, being charged with an attendance violation, and being denied a suggestion bonus.

"In order to establish a claim of hostile work environment, . . . a plaintiff must present evidence of harassment that 'unreasonably interfer[es] with [his] work performance and creat[es] an objectively intimidating, hostile, or offensive work environment.'" *Younis*, 610 F.3d at 362 (quoting *Grace v. USCAR,* 521 F.3d 655, 678 (6th Cir. 2008)). The charge does not allege that any of the acts interfered with plaintiff's work performance. The only allegation that is overtly related to plaintiff's age is the fact that on one occasion his manager called him old. One discrete discriminatory act is insufficient to establish a hostile work environment claim for purposes of exhaustion. *See id*. Because it is unreasonable to expect that an EEOC investigation into hostile work environment

---

[2] This account conflicts with plaintiff's deposition testimony, where he stated that he did not tell anyone that he thought the picture was related to his age. Milczak Dep. at pp. 76-77, 81, 160; Firek Dep., p. 12.

would have been undertaken based on the allegations included in the charge, plaintiff has failed to exhaust his administrative remedies.

B. <u>Work Environment Must be Objectively Hostile</u>

Even if plaintiff had exhausted his administrative remedies, the conduct he alleges is not so severe or pervasive that a reasonable person would find it abusive or hostile. *Amini v. Rite Aid Corp.*, 819 F. App'x 344, 347 (6th Cir. 2020) (citing *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21–22 (1993). Courts consider "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Smith v. Rock-Tenn Servs., Inc.*, 813 F.3d 298, 309 (6th Cir. 2016) (citing *Harris*, 510 U.S. at 21-22). "[O]nly harassment based on the plaintiff's [membership in a protected class] may be considered" in the analysis. *Amini*, 819 F. App'x at 374 (citing *Williams v. CSX Transp. Co.*, 643 F.3d 502, 511 (6th Cir. 2011)).

Plaintiff's claims of age-based harassment based on personnel actions "cannot support a hostile work environment claim because, discriminatory or not, by their nature they do not invoke the kind of acute intimidation, ridicule, abuse, or insult contemplated by a hostile work environment claim." *Shrivastava v. RBS Citizens*, 227 F.Supp.3d 824, 847 (E.D. Mich. 2017). Furthermore, plaintiff's various reassignments were made due to the shutdown status at DHAM and no

evidence supports his claim that these actions were taken because of his age. The same is true for plaintiff's allegations of a poor performance review and an attendance memo.

This leaves the three Lazaroff comments, two pictures, and a Michael Jackson CD. Lazaroff made three age related comments to plaintiff over a period of seven months. Lazaroff allegedly called Milczak an "old fart", and "old fucker" and an "old motherfucker." The mousetrap picture was clearly directed toward plaintiff, and is evidence of harassment, but there is no indication that it was based on his age, other than plaintiff's subjective belief that he never shared with defendant. The picture of an old man with long hair and his eyes poked out theoretically could have been directed at plaintiff and could have been a statement about his age, but he never reported it to defendant. Nor did plaintiff report the CD, which lacks an obvious connection to plaintiff's age. The Court accepts that plaintiff subjectively perceived his work environment to be hostile because of his age. However, discrimination must permeate the workplace to prevail on a hostile work environment claim, and Lazaroff's three discrete comments do not clear the "relatively high bar for what amounts to actional discriminatory conduct under a hostile work environment theory." *Phillips v. UAW Int'l*, 854 F.3d 323, 328 (6th Cir. 2017).

Defendant's motion for summary judgment on plaintiff's claim of hostile work environment in violation of the ADEA is granted.

IV. Retaliation

To establish a claim for retaliation, plaintiff must show (1) he engaged in protected activity, (2) GM had knowledge of his protected activity, (3) GM took an adverse action towards him, and (4) there was a causal connection between the protected activity and the adverse action. *Abnet v. Unifab Corp.*, No. 06-2010, 2009 WL 232998, *5 (6th Cir. Feb. 3, 2009); *Mickey v. Zeidler Tool and Die Co.*, 516 F.3d 516, 523 (6th Cir. 2008).

A. Protected Activity

In the Sixth Circuit, "in order for [plaintiff's actions] to be deemed protected activity under the ADEA, [plaintiff] must have referenced alleged acts of age discrimination by [defendant]." *Fox v. Eagle Distrib. Co.*, 510 F.3d 587, 591 (6th Cir. 2007) ("In order to receive protection under the ADEA, a plaintiff's expression of opposition must concern a violation of the ADEA"). Plaintiff made an internal complaint in May 2019 about the mousetrap picture. However, plaintiff never informed defendant that he believed the picture had anything to do with his age. (Milczak Dep., pg. 81).

The only other action that qualifies as protected activity is the EEOC charge, which does allege discrimination and retaliation based on plaintiff's age.[3]

B. Causal Connection

To show a sufficient causal connection, plaintiff must produce evidence to infer that defendant would not have taken the adverse employment action had he not engaged in protected activity. *Barrett v. Lucent Technologies, Inc.*, 36 Fed. Appx. 835, 841 (6th Cir. 2002). On December 11, 2019, plaintiff filed his charge of discrimination with the MDCR and EEOC. However, each of the alleged adverse actions[4] that form the basis of plaintiff's claims preceded the filing of his charge. Therefore, they lack the causal connection required for a retaliation claim.

CONCLUSION

For the reasons stated above, defendant's motion for summary judgment is GRANTED and plaintiff's First Amended Complaint is dismissed in its entirety.

Dated: April 27, 2023

                                                            s/George Caram Steeh
                                                            GEORGE CARAM STEEH
                                                            UNITED STATES DISTRICT JUDGE

---

[3] The other instances of protected activity argued by plaintiff in his response brief are supported by his Summary or are not expressly based on an act of age discrimination.

[4] The alleged adverse actions are also discussed in the section addressing plaintiff's age discrimination claim.

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on April 27, 2023, by electronic and/or ordinary mail and also on Douglas Milczak, 16021 Russel, Allen Park, MI 48101.

s/Michael Lang
Deputy Clerk